## INJURIES FROM A FALLING SIGN.

Circuit Court of Franklin County.

OWEN SMITH v. HENRY MILLER AND JAMES T. MILLER.

Decided, February, 1909.

*Negligence—Action for Injuries Where a Sign Fell on a Pedestrian—
Landlord and Tenant—Circumstances Fixing Liability—Evidence
—Verdict Directed for the Defendant.*

1. The fact that a sign fell to the sidewalk, injuring a pedestrian who
was passing thereunder, affords some evidence, as a matter of
law, that someone was negligent in not maintaining it in a safe
condition.

2. But liability in such a case depends upon who was in possession and
control of the building at the time of the accident; and where
there is no testimony that the defendants owned the building, or
were in possession or control, and therefore no evidence that they
were bound for repairs, it is not error to direct a verdict in their
favor at the conclusion of the testimony for the plaintiff.

Samuel Huston, while the owner of a business block in Co-
lumbus, this state, rented certain front rooms to E. G. Ore-
baugh for the purpose of a real estate office, but reserved no
control over these rooms. Mr. Orebaugh sublet desk room to
D. B. Hillis, an insurance agent. Mr. Hillis placed a sign under
the window in front of his office—a long board, upon which was
painted the word "Insurance." In 1903, Mr. Huston sold the
building to James Miller, and Mr. Orebaugh continued as a
tenant under an annual lease. Less than one year after the
sale of the property, the sign blew down during a storm, and in
falling struck the plaintiff in error, who sued Henry Miller for
$10,000, and subsequently brought in James T. Miller by amend-
ed petition.

Mr. M. E. Thrailkill argued in behalf of the defendants in
error that, in Ohio, a tenant or lessee has a right to put up signs
on a building which he leases, subject to municipal regulations.
A tenant leases the outside as well as the inside of the build-

ing, and the lessor can not prevent his putting up signs unless such a restriction is in the contract of lease; and the weight of authority seems to establish the following rules:

1. Where there is an inherent fault in design or construction, chargeable direct'y to the lessor, he may be held liable.

2. Where the dangerous condition arises from an act of the lessee or tenant, or after the letting, the lessor is not liable unless he retains control over the premises and negligently permits a nuisance.

3. Where property is demised, and at the time of the demise is not a nuisance, but becomes so by the act of the tenant while in his possession, and injury happens during such possession, the owner or lessor is not liable. Citing.: Shindelbeck v. Moon, 32 O. S., 264; Edwards, Admr., vs Rissler, 5 C. C.—N. S., 44; Burdeck v. Cheodle, 26 O. S., 393; Bailey v. N. O. U. Gas Co., 4 C. C., 471; Schwalbach, Admr., v. Shinkel, 42 B., 170; Persell v. English, 10 B., 143; 18 Am. & Eng. Enc., 240, et seq.; Thomas on Negligence, p. 710.

SULLIVAN, J.; DUSTIN, J., and ALLREAD, J., concur.

Plaintiff in error contends he was prejudiced by the courts below in sustaining the motion of the defendants in error to direct a verdict in their favor, at the conclusion of the testimony introduced by him in support of the averments of his petition. Judgment for defendants' costs was entered up against plaintiff in error, and these proceedings are brought to reverse said judgment.

The action was brought by plaintiff in error to recover damages for injuries resulting from the defendants' negligence.

The acts of negligence set forth in the petition are that the defendants, being owners and controllers of a certain building fronting and abutting upon High street in the city of Columbus, some five years prior to the injuries to plaintiff, the erection upon the front of said building upon the third story and about thirty feet above the sidewalk in front of said premises a wooden sign twenty-four feet long by two wide and one inch in thickness; that during all of said period it remained on said

building in the position described; that in its original construction or by lapse of years it became dangerous and unsafe to persons in the lawful use of the sidewalk immediately thereunder; that the defendants knew or by the exercise of ordinary care could have known of its dangerous condition, and plaintiff did not have such knowldege; that on or about the 26th day of December, while plaintiff was walking upon the sidewalk below and immediately in front of said building said sign suddenly gave way and fell upon plaintiff, causing the injuries of which he complains.

The answer of the defendants is a general denial putting in issue all averments of the petition necessary to be proven to entitle plaintiff to recover.

Whether the defendants were the owners or in control of the building when the accident occurred was by this answer made an issuable fact. We do not find any testimony in the bill of exceptions to sustain this averment of the petition.

Neither does the bill contain any testimony showing or tending to show that the method of attaching the sign to the building was faulty, and the fact as disclosed by the testimony that it had been there for several years prior to the accident would furnish a fair inference, at least, that there was no negligence on the part of any one in that respect. Aside from the fact of the sign falling, there is no testimony that in course of time the appliances attaching it to the building had become loosened, and no longer able to sustain the weight they gave way and the sign fell. This, however, was some testimony in support of the claim that some one at least was negligent in not seeing that the sign in its position was maintained in a safe condition, who would be liable for injuries resulting from this negligence as a matter of law, we think fully settled by the law of this state fixing it upon the party in possession and control of the building at the time.

In the absence of a contract to that effect the landlord is not bound for repairs. This obligation rests upon the lessee in such a case. If the defect which caused the accident occurred during the occupancy and control by the lessee then the land-

lord would not be liable. Here, in the first place, there is no testimony showing that the defendants were the owners at the time, or had any control over the building, and if either owned it, there is no testimony showing or tending to show they were bound for repairs. This being the state of the record, we are therefore of the opinion that plaintiff in error was not prejudiced by the court below directing a verdict for defendants and entering judgment against plaintiff for costs. The judgment is therefore affirmed at costs of plaintiff in error.